Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**JOHN P. NICHOLS**
Anderson & Nichols
Terre Haute, Indiana

ATTORNEY FOR APPELLEE:

**MATTHEW J. JANKOWSKI**
Kopka Pinkus Dolin & Eads, LLC
Indianapolis, Indiana



FILED
May 13 2013, 9:33 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

VICKIE FENOGLIO, as Personal Representative )
of the Estate of PAUL FENOGLIO, Deceased, )
                                      )
      Appellant-Respondent, )
                                      )
         vs. )    No. 84A01-1211-PL-513
                                      )
BOGUSLAW GLUSZAK, M.D., )
                                      )
      Appellee-Petitioner, )
                                      )
        and )
                                        )
STEVE ROBERTSON, COMMISSIONER OF )
THE INDIANA DEPARTMENT OF INSURANCE )
and BOGUSLAW GLUSZAK, M.D., )
                                      )
      Non-Respondents. )

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable John T. Roach, Judge
Cause No. 84D01-1107-PL-6918

**May 13, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

Vickie Fenoglio, as personal representative of the estate of her husband, Paul Fenoglio, appeals the trial court's grant of final summary judgment in favor of Boguslaw Gluszak, M.D. We affirm.

The relevant facts are undisputed. After Paul committed suicide, Vickie, as personal representative of his estate, filed a proposed medical malpractice complaint against Dr. Gluszak and Dr. Gregory Brock, alleging that they committed malpractice by respectively approving and issuing the prescription of a medication to Paul that allegedly caused his suicide. A thirty-day prescription for the medication was issued on March 6, 2009; Paul committed suicide on March 16, 2009; and Vickie filed the complaint with the Indiana Department of Insurance on March 11, 2011.

On July 22, 2011, Dr. Brock moved for summary judgment on the basis that the complaint was barred by the two-year statute of limitations. *See* Ind. Code § 34-18-7-1(b) (stating that a tort claim "may not be brought against a health care provider based upon professional services or health care that was provided or that should have been provided unless the claim is filed within two (2) years after the date of the alleged act, omission, or neglect"). On January 9, 2012, the trial court granted final summary judgment for Dr. Brock.

Vickie appealed that order, and another panel of this Court affirmed. *Fenoglio v. Brock*, No. 84A04-1202-PL-59, 2012 WL 5954638 (Ind. Ct. App. Nov. 29, 2012), *trans. not sought*. We noted that Indiana Code Section 34-18-7-1 "is an occurrence-based statute, meaning that the statute of limitations begins to run on the date the alleged negligent act occurred rather than on the date it was discovered, as long as potential plaintiffs are able to

2

discover the alleged malpractice within two years from the occurrence." *Id*. at *2. Vickie argued that because Paul was under Dr. Brock's continuing care and taking the medication after March 11, 2009, the doctrine of continuing wrong applied and made her complaint timely. Based on *Gradus-Pizlo v. Acton*, 964 N.E.2d 865 (Ind. Ct. App. 2012), we rejected Vickie's argument and held that Dr. Brock's alleged act of malpractice occurred when he prescribed the medication on March 6, 2009, "more than two years prior to the date Vickie filed the complaint." *Id*.

On May 11, 2012, Dr. Gluszak filed a similar summary judgment motion, which the trial court granted on October 22, 2012. In this appeal, which is based on substantially similar facts, Vickie asks us to reach a different result but cites no persuasive authority for doing so. Consequently, we affirm.

Affirmed.

ROBB, C.J. and FRIEDLANDER, J., concur.